O; JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV12-02353-AHM *consolidated with* CV12-02890-AHM*; and CV12-05042-AHM<br>Bk. Case No. 1:11-BK-10426-VK | Date | November 26, 2012 |
|---|---|---|---|
| Title | In re MARCIANO | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys NOT Present for Plaintiffs: | Attorneys NOT Present for Defendants: | |

**Proceedings:** IN CHAMBERS (No Proceedings Held)

    Appellant-Debtor Georges Marciano and Hill, Farrer & Burrill, LLP ("HFB") appeal from two orders of the bankruptcy court.[1]  In the order at issue in the consolidated appeals CV 12-2353 and CV 12-2890, the bankruptcy court denied HFB's petition for retroactive approval of its representation of Marciano when he was a Chapter 11 debtor-in-possession.  In CV 12-5042, Marciano and HFB appeal from a subsequent order ordering HFB to disgorge the compensation it received for its representation of Marciano during that period.

    Bankruptcy law charges counsel for a debtor-in-possession with a fiduciary duty to the estate.  By its own admission, HFB violated this duty while it was representing Marciano as the debtor-in-possession.  For this reason, the bankruptcy court did not abuse its discretion in denying HFB's retroactive application and ordering it to disgorge its fees.  Thus, the Court AFFIRMS the orders of the bankruptcy court.

I.    BACKGROUND

    Because the parties are well aware of the factual background of this case, the Court will therefore recite only the salient facts relevant to this appeal.  HFB represented Marciano after several creditors filed an involuntary Chapter 11 bankruptcy petition against him.  On December 28, 2010, the bankruptcy court entered an Order of Relief granting the petition and bringing Marciano under bankruptcy court jurisdiction.  Upon

---

[1] CV 12-2353 (Dkt. 19); CV 12-5042 (Dkt. 27).

O; **JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV12-02353-AHM *consolidated with* CV12-02890-AHM*; and CV12-05042-AHM<br>Bk. Case No. 1:11-BK-10426-VK | Date | November 26, 2012 |
|---|---|---|---|
| Title | In re MARCIANO | | |

the entry of the Order of Relief, Marciano was deemed a "debtor-in-possession" (or "DIP") by the bankruptcy court.

During the next few months, HFB filed various motions in the bankruptcy case and filed a brief in a related state court appeal. Marciano did not, however, file the schedules of assets and liabilities that are required of Chapter 11 debtors-in-possession. In March 10, 2011, the bankruptcy court appointed David K. Gottlieb as the Chapter 11 bankruptcy trustee, which relieved Marciano of his duties as a debtor-in-possession.

HFB received $340,450.53 for its representation of Marciano while he was a debtor-in-possession (that is, the period from the entry of the Order of Relief until the appointment of the Chapter 11 Trustee). The entirety of those funds came from various bank accounts in the name of Armand Marciano, Georges Marciano's brother.

On October 11, 2011, the Trustee filed a motion to require HFB to submit a retroactive application for its representation of Marciano during the DIP period. The Trustee contended that, as counsel to the debtor-in-possession, HFB had a fiduciary duty to the estate during that period and an application was needed to evaluate whether HFB was in a position to fulfill that role. Over HFB's opposition, the bankruptcy granted the motion. In its application, HFB conceded that during the DIP period it had acted, at least in certain respects, in the best interests of Marciano, not the estate. ER at 503 (Dkt. 13). Based on those concessions, the court denied HFB's application and subsequently ordered it to disgorge the $340,450.53 in compensation it received for its representation of Marciano as the debtor-in-possession.

Despite the fact that all of these funds had been wired to HFB from bank accounts in the name of Armand Marciano, the court concluded that only $50,007.19 should be returned to Armand. Armand and the Trustee reached an agreement that the Trustee should receive another $130,400 of those funds, pending resolution of a dispute between those two parties over whether the funds were traceable to Georges Marciano. Neither Armand nor any other party claimed entitlement to the balance of the funds, approximately $160,000. Consequently, the court also ordered that amount be delivered to the Trustee.

O; **JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV12-02353-AHM *consolidated with* CV12-02890-AHM*; and CV12-05042-AHM<br>Bk. Case No. 1:11-BK-10426-VK | Date | November 26, 2012 |
|---|---|---|---|
| Title | In re MARCIANO | | |

II.  STANDARD OF REVIEW

The Court reviews the bankruptcy court's findings of fact for clear error. *In re Palmdale Hills Property, LLC*, 457 B.R. 29, 40 (9th Cir. BAP 2011); *In re PW, LLC,* 391 B.R. 25, 32 (9th Cir. BAP 2008). For a finding to be clearly erroneous, it must be illogical, implausible, or without support in the record. *United States v. Hinkson,* 585 F.3d 1247, 1261 (9th Cir. 2009) (en banc). A bankruptcy court's conclusions of law are reviewed *de novo*. *In re Reynoso*, 315 B.R. 544, 549 (9th Cir. BAP 2004). Finally, a bankruptcy court's evidentiary rulings are reviewed for abuse of discretion. *Latman v. Burdette*, 366 F.3d 774, 786 (9th Cir. 2004).

This court reviews a bankruptcy court's denial of an attorney's employment application and its decisions regarding awards of legal fees for an abuse of discretion. *In re Triple Star Welding, Inc.*, 324 B.R. 778, 788 (9th Cir. BAP 2005); *In re Park-Helena Corp.*, 63 F.3d 877, 880 (9th Cir. 1995).

III.  ANALYSIS

   A.  <u>The Bankruptcy Court Did Not Abuse its Discretion in Denying HFB's Employment Application and Ordering to Disgorge Fees[2]</u>

In a case under Chapter 11 of the Bankruptcy Code, the debtor is normally deemed a "debtor in possession." 11 U.S.C. § 1101(1). The debtor-in-possession is charged with a fiduciary duty to the estate unless and until a trustee is appointed to assume that responsibility. *Id*; *In re Woodson*, 839 F.2d 610, 614 (9th Cir. 1988). Upon the appointment of a third-party trustee, the debtor-in-possession reverts to being a mere "debtor." § 1101(1).

Counsel for the debtor-in-possession also has a fiduciary duty to the estate. *See In re Count Liberty, LLC*, 370 B.R. 259, 280 (Bankr. C.D. Cal. 2007) (noting that this is the rule in the overwhelming majority of cases); *In re Perez*, 30 F.3d 1209, 1218-19 (9th Cir.

---

[2] The Court notes that the Trustee contends that Marciano lacks standing in this appeal and that HFB is the only party that will tangibly benefit from a favorable decision of this court. In light of the disposition on the merits, however, the Court does not need to address this argument.

O; JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV12-02353-AHM *consolidated with* CV12-02890-AHM\*; and CV12-05042-AHM<br>Bk. Case No. 1:11-BK-10426-VK | Date | November 26, 2012 |
|---|---|---|---|
| Title | In re MARCIANO | | |

1994) (reminding counsel for a Chapter 11 debtor-in-possession that he owes a fiduciary duty to the estate); 11 U.S.C. § 327(a) (trustees, or debtors-in-possession,[3] may employ one or more attorneys that "do not hold or represent interest adverse to the estate"). Moreover, counsel to a debtor-in-possession must seek court approval before services are rendered. *See id.* Retroactive or nunc pro tunc approval is warranted only in exceptional cases. *In re Atkins*, 69 F.3d 970, 974 (9th Cir. 1995).

If counsel for a debtor-in-possession fails to obtain bankruptcy court approval, he or she is not entitled to any compensation for services rendered. *In re Shirley*, 134 B.R. 940, 943 (9th Cir. BAP 1992) ("Court approval of the employment of counsel for a debtor in possession is the *sine qua non* to counsel getting paid."); *see also* 11 U.S.C. § 328(c) (courts may deny compensation to an attorney for a debtor-in-possession who has a conflict). Courts have uniformly held that a court may order disgorgement even if the unapproved counsel's payments came from a third party, and not the bankruptcy estate. *In re Lewis*, 113 F.3d 1040, 1046 (9th Cir. 1997) ("The bankruptcy court may order the disgorgement of any payment made to an attorney representing the debtor in connection with a bankruptcy proceeding, irrespective of the source."); *In re Land*, 943 F.2d 1265, 1267 (10th Cir. 1991) ("Return of compensation received is an appropriate remedy where the debtor or the attorney fails to obtain the bankruptcy court's approval of the attorney's employment.").[4] Applying these rules even in cases where estate funds are not clearly implicated ensures that the attorneys who are charged with acting in the best interests of the estate are capable of fulfilling those obligations.

Thus, the law is clear that a debtor-in-possession cannot employ an attorney with interests adverse to the estate and that if the DIP or his attorney runs afoul of this provision, the bankruptcy court may order any fees disgorged. But HFB argues that the facts of this case merit an exception to these rules. As noted above, this Chapter 11

---

[3] *See* 11 U.S.C. § 1107(a) (providing that debtor-in-possession shall have "all the rights" and "shall perform all the functions and duties," as a Chapter11 trustee, with several inapplicable exceptions); *In re Prince*, 40 F.3d 356, 360 n.2 (11th Cir. 1994) (explaining that § 328(a) applies to Chapter 11 DIPs by virtue of § 1107(a)).

[4] HFB concedes that the fact that payments were made by third parties does not preclude disgorgement. Amended Reply Br. at 13.

O; **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV12-02353-AHM *consolidated with* CV12-02890-AHM*; and CV12-05042-AHM<br>Bk. Case No. 1:11-BK-10426-VK | Date | November 26, 2012 |
|---|---|---|---|
| Title | In re MARCIANO | | |

bankruptcy case was not instigated by the debtor; rather, several of Marciano's creditors filed a so-called "involuntary petition" forcing him into bankruptcy proceedings. Before, during, and after the debtor-in-possession period, Marciano has continuously opposed the Order of Relief. Indeed, he has appealed that order to the Ninth Circuit. That appeal is currently pending.

Thus, HFB argues that it is unfair to punish it for zealously representing Marciano, who unquestionably had a right to oppose the Order of Relief. But this argument is a red herring. To be sure, if a debtor were flatly prohibited from retaining counsel to assist in appealing or otherwise contesting an Order of Relief, that would raise serious due process concerns. But the law does not prohibit *all* Chapter 11 debtors from employing attorneys with interests adverse to the estate; rather, the prohibition only applies to *debtors-in-possession*. Thus, as the bankruptcy court made clear below, if Marciano and HFB decided not to fulfill their respective statutory obligations as the debtor-in-possession and his counsel, they were required to notify the bankruptcy court so that a trustee could be appointed and they could be relieved of their fiduciary duties to the estate.

Instead, HFB continued to represent Marciano as the debtor-in-possession, during which time–by its own admission–it sometimes acted in the best interests of the estate and sometimes acted directly adverse to those interests. Moreover, HFB did not submit an employment application to the Court until well after a Trustee was appointed and Marciano had been relieved of his DIP status. In light of HFB's obviously conflicted representation during that period, disgorgement of the fees it received was an appropriate sanction. *See In re Downtown Investment Club III*, 89 B.R. 59, 63-64 (9th Cir. BAP 1988) ("There is no unjust hardship in requiring attorneys to observe the strict requirements of § 327 because professionals are charged with knowledge of the law.").

    B.    <u>The Disgorgement Order was Procedurally Proper</u>

In addition to his substantive arguments, Marciano contends that the bankruptcy court's disgorgement order was procedurally improper. The bankruptcy court entered its order upon the motion of the Trustee and after a hearing, but HFB contends that an order disgorging fees paid by a third party may only be issued in a separate adversary proceeding. To the contrary, the Bankruptcy Code and applicable rules specifically provide that a bankruptcy court may, upon motion, "order the return of any such

O; **JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV12-02353-AHM *consolidated with* CV12-02890-AHM*; and CV12-05042-AHM<br>Bk. Case No. 1:11-BK-10426-VK | Date | November 26, 2012 |
|---|---|---|---|
| Title | In re MARCIANO | | |

payment, to the extent excessive" to the estate or "the entity that made the payment. 11 U.S.C. § 329(b); Fed. R. Bankr. P. 2017(b). The bankruptcy court determined that HFB was not entitled to any compensation for the DIP period; in other words, it concluded that any and all compensation that the firm received for this period was "excessive." The authorities cited by HFB provide examples of disgorgement orders in adversary proceedings but do not hold that adversary proceedings are required.

> C. **HFB Has Not Demonstrated Error in the Bankruptcy Court's Distribution of the Disgorged Funds**

Finally, there is no reason to upset the bankruptcy court's division of the disgorged funds between the estate and Armand Marciano. Armand Marciano and the Trustee both agree that the bankruptcy court appropriately distributed those funds. Although HFB contends that all of the funds that it received through Armand Marciano should be returned to him, the firm fails to explain why the bankruptcy court should order funds returned to Armand that even Armand agrees should be delivered to the estate.

### IV. CONCLUSION

For the foregoing reasons, the Court AFFIRMS the orders of the bankruptcy court.

No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

           : 

Initials of Preparer     SMO

**JS-6**

cc: **Bankruptcy Court**